## Case No. 1,235.

### In re BEISENTHAL et al.

[10 Ben. 42;[1] 18 N. B. R. 120.]

District Court, N. D. New York. June Term, 1878.

VOLUNTARY ASSIGNMENT — EXECUTION — LIEN — FORMER JUDGMENT — TITLE OF ASSIGNEE IN BANKRUPTCY.

B. made a voluntary assignment to C., for the benefit of his creditors. After that an execution was levied on the property assigned. Subsequently a petition in bankruptcy was filed against B. Thereafter C. sued the sheriff in trespass, because of the levy. B. was afterwards adjudged a bankrupt. The goods were then sold, and the assignee in bankruptcy held the proceeds subject to the lien of the execution if any. The suit of C. against the sheriff was then tried, and in it the sheriff set up that the assignment from B. to C. was fraudulent and void as to creditors, and had a verdict and a judgment in his favor. The assignee in bankruptcy had, in a suit against C., set aside the assignment from B. to C., as being in violation of the bankrupt law. The sheriff then applied to the bankruptcy court to pay him, on the execution, the proceeds of the sale: *Held*, that the assignee in bankruptcy derived his title through C., and was estopped by the judgment; that the lien of the execution was valid, and that the sheriff was entitled to be paid the proceeds of the sale to the extent of the lien.

[Cited in Linder v. Lewis, 4 Fed. 323, (see, also, Case No. 8,362,) and in Re Beisenthal, Id. 1,236.]

In bankruptcy. Solomon Beisenthal and Henry Henschel made a voluntary assignment for the benefit of their creditors, July 19th, 1876, to Herman Cohen. The sheriff of Erie county, under an execution against Beisenthal and Henschel, in favor of Adam, Meddrum and Anderson, levied on the assigned property, September 6th, 1876. September 14th, 1876, a petition was filed by creditors, asking that the assignors be declared bankrupts. September 22nd, 1876, Cohen commenced an action of trespass against the sheriff, to recover for damages sustained by reason of the levy. September 26th, 1876, an adjudication of bankruptcy against Beisenthal and Henschel was made, and, soon after, upon an application to this court, the sheriff was permitted to sell the goods levied on, and directed to pay the proceeds to the assignee in bankruptcy, to be held subject to the lien of the execution, if any. [For opinion of the circuit court, affirming the unreported decree directing the sheriff to pay the proceeds to the assignee in bankruptcy, see In re Beisenthal, Case No. 1,236.] The action brought by the voluntary assignee against the sheriff was tried in February, 1878. The sheriff defended on the ground that the voluntary assignment from Beisen-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

thal and Henschel to Cohen was fraudulent and void as to creditors and a verdict was found for the defendant. The sheriff now applies, upon petition, asking, by reason of the foregoing facts, that he be adjudged entitled to the proceeds of the sale, under his execution. [Application granted.]

S. S. Rogers, for sheriff.
N. Morey, for assignee.

WALLACE, District Judge. If the voluntary assignment from Beisenthal and Henschel to Cohen was fraudulent as to the creditors of the former, inasmuch as the sheriff's levy was made prior to the filing of the petition in bankruptcy, the levy conferred a valid lien, viz., the right to seize and sell the property under the execution, both as to Cohen, the voluntary assignee, and as against the assignee in bankruptcy. If the assignment was not fraudulent, the title of the property covered by it had passed to Cohen prior to the levy, and the levy did not confer a lien. The assignment was void as to the assignee in bankruptcy, and has been so determined, not because it was fraudulent as to creditors, but because it was made with intent to prevent the property coming to the possession of the assignee in bankruptcy and from being distributed under the bankrupt act [of 1867, (14 Stat. 517.)] If the sheriff had no lien at the time the petition in bankruptcy was filed, he did not acquire one when the assignment was set aside, at the suit of the assignee in bankruptcy. The reasons which lead to these conclusions are more fully set forth in Johnson v. Roger, [Case No. 7,408,] and In re Beisenthal, [Id. 1,236.]

The only question, therefore, to be decided now, is, whether or not the judgment in favor of the sheriff, in the action brought by Cohen, the voluntary assignee, whereby it was determined that the assignment was fraudulent, is conclusive upon the assignee in bankruptcy, as an estoppel. Certainly, the assignee in bankruptcy, upon setting aside the voluntary assignment to Cohen, gets no better title to the property than Cohen had. He gets what Cohen got and nothing more. Now, it has been determined by a court of competent jurisdiction that Cohen did not have title to the property levied on by the sheriff, and that the sheriff acquired a valid lien upon it by his execution. Upon the rule that such a judgment is binding upon privies as well as upon the immediate parties to the action, the assignee in bankruptcy, whose title is derived through Cohen, is estopped by the judgment.

It is argued, however, that the assignee in bankruptcy does not claim under Cohen, but by a paramount title and in hostility to him. In a general sense, this theory is correct, but it is not true as to this particular transaction. If it were not for the title of Cohen, the sheriff would have acquired a valid lien by his levy, and been entitled to hold the property as against the assignee in bankruptcy; because he had taken it under execution against the owners prior to the institution of proceedings in bankruptcy. The assignee in bankruptcy, therefore, has no title except that which enures to him through the title of Cohen. Cohen was in a position to insist that an assignment to him, valid as against the execution of the sheriff, stood between the title of the judgment debtors and the sheriff; and the assignee must affirm this position before he can assert any claim against the sheriff. As to the sheriff and the property levied on by him, the assignee in bankruptcy, therefore, claims under Cohen, and is in privity with him.

A decree is ordered, adjudging the sheriff's lien valid, and directing the assignee to pay over to the sheriff the proceeds of the sale, to the extent of the lien.